UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| COLTIN DREW HERZOG, ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CAUSE NO.: 1:24-CV-507-JVB-AZ |
| ) | |
| JOSHUA CARPENTER, DION URBINA, ) | |
| Z. SHIFFLETT, and OFFICER MILLER, ) | |
| Defendants. ) | |

## AMENDED OPINION AND ORDER[1]

Coltin Drew Herzog, a prisoner without a lawyer, filed a complaint. (ECF 5). "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, under 28 U.S.C. § 1915A, the Court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

Herzog alleges that over a three-day period from October 29, 2024, through November 2, 2024, he was harassed by the night sergeant, Dion Urbina, and Corporal Miller while he was housed on disciplinary. He alleges that Sergeant Urbina and Corporal Miller would flicker the lights on and off in his cell and would blare loud and obnoxious music over the intercom while he slept. This happened one more time on December 17, 2024.

---

[1] This amended order corrects a clerical error, omitting a response deadline in the previous order [DE 12].

Herzog also alleges that his constitutional rights are being violated because the DeKalb County Jail does not provide the inmates with at least eight hours of darkness at night. He contends this causes him sleep deprivation and stress.

Herzog alleges he is a pretrial detainee, which means Fourteenth Amendment standards apply to this case. *Miranda v. Cnty. of Lake*, 900 F.3d 335, 352 (7th Cir. 2018). Harassment of a pretrial detainee could be a constitutional violation under the Fourteenth Amendment if the harassment rises to the level of "punishment." *See Mulvania v. Sheriff of Rock Island Cnty.*, 850 F.3d 849, 856 (7th Cir. 2017). An action can amount to punishment if it "is 'imposed for the purpose of punishment,'" or if it "'is not reasonably related to a legitimate goal—if it is arbitrary or purposeless.'" *Id.* (quoting *Bell v. Wolfish*, 441 U.S. 520, 538–39 (1979)). However, a condition must, objectively, rise to a certain level before the Fourteenth Amendment is implicated. *See Hardeman v. Curran*, 933 F.3d 816, 823-24 (7th Cir. 2019). An objectively serious condition under the Fourteenth Amendment requires sufficient "severity and duration" to rise to the level of a constitutional concern. *Roundtree v. Dart*, No. 23-2576, 2025 WL 401207, at *3 (7th Cir. Feb. 5, 2025) (unpublished decision). Here, flashing the lights at night and blaring music in Herzog's cell seem arbitrary or purposeless. But Herzog has not plausibly alleged that this juvenile behavior over just a few days inflicted such harm on him as to implicate the Fourteenth Amendment.

A "trivial" injury is insufficient to show cognizable harm for a claim under 42 U.S.C. § 1983. *Lord v. Beahm*, 952 F.3d 902, 905 (7th Cir. 2020). "An injury is necessary for a constitutional tort under § 1983." *Bolden v. Mezo*, No. 22-1571, 2023 WL 4488861, at *2 (7th Cir. July 12, 2023); *see also Walker v. Leibert*, 844 F. App'x 920, 922 (7th Cir. 2021) ("[T]o the extent Walker seeks damages based on the risk of what *could have* happened to him as a result, that risk is not actionable under § 1983 without actual injury." (emphasis in original)). While sleep deprivation can be a form

of punishment, a few days of poor sleep falls short of being a cognizable injury. *See Antonelli v. Sheahan*, 81 F.3d 1422, 1433 (7th Cir. 1996) (contrasting cognizable claim of incessant noise affecting sleep that "occurred every night, often all night, interrupting or preventing his sleep" with noncognizable claim regarding only "a few hours of periodic loud noises").

Herzog's claim that the Constitution requires the lights to be off for eight hours at night is patently frivolous. Herzog does not have a constitutional right to eight hours of lights out at night. *See Vasquez v. Frank*, 290 F. App'x 927, 929 (7th Cir. 2008).

This complaint does not state a claim for which relief can be granted. If Herzog believes he can state a claim based on (and consistent with) the events described in this complaint, he may file an amended complaint because "[t]he usual standard in civil cases is to allow defective pleadings to be corrected, especially in early stages, at least where amendment would not be futile." *Abu-Shawish v. United States*, 898 F.3d 726, 738 (7th Cir. 2018). To file an amended complaint, he needs to write this cause number on a **Pro Se 14 (INND Rev. 2/20) Prisoner Complaint** form which is available from his law library. He needs to write the word "Amended" on the first page above the title "Prisoner Complaint" and send it to the Court after he properly completes the form.

For these reasons, the Court:

(1) GRANTS Coltin Drew Herzog until **April 11, 2025**, to file an amended complaint; and

(2) CAUTIONS Coltin Drew Herzog if he does not respond by the deadline, this case will be dismissed under 28 U.S.C. § 1915A without further notice because the current complaint does not state a claim for which relief can be granted.

SO ORDERED on March 10, 2025.

s/ Joseph S. Van Bokkelen  
JOSEPH S. VAN BOKKELEN, JUDGE  
UNITED STATES DISTRICT COURT