UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| COLTIN DREW HERZOG, | |
| Plaintiff, | |
| v. | CAUSE NO. 1:24-CV-507-PPS-AZ |
| JOSHUA CARPENTER, DION URBINA, Z. SHIFFLETT, and OFFICER MILLER, | |
| Defendants. | |

OPINION AND ORDER

Coltin Drew Herzog, a prisoner without a lawyer, filed a complaint that the Court determined did not state a claim for relief. [ECF 5, 13.] He was given the opportunity to file an amended complaint to remedy the deficiencies identified in the previous complaint. [ECF 13.] He has filed an amended complaint [ECF 14] that I must now review under 28 U.S.C. § 1915A to determine whether the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. Because Herzog is representing himself, I must construe his complaint liberally. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) ("A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." (quotation marks and citations omitted)).

In the previous complaint, Herzog complained about being harassed over a three-day period he was housed on disciplinary. He alleged that at night, Sergeant Dion

Urbina and Corporal Miller would flicker the lights on and off in his cell and would blare loud and obnoxious music over the intercom, preventing him from sleeping. This happened one other time, on December 17, 2024. [ECF 5.] The Court concluded that this juvenile behavior did not state a claim under the Fourteenth Amendment, which prohibits the "punishment" of pretrial detainees, because Herzog did not allege a sufficient injury from a few nights of poor sleep to trigger constitutional concerns. [ECF 13 at 2-3.]

In the amended complaint, Herzog repeats the prior allegations, but he also adds that from October 11, 2024, through November 11, 2024, there was a "maintenance issue" with the lights that caused them to flicker on and off repeatedly. [ECF 14 at 2.] Maintenance attempted to fix it several times but couldn't, and Herzog accuses Zach Shifflett and Joshua Carpenter of not doing more to fix it. He argues that his amended complaint states a claim under the Fourteenth Amendment because the defendants went out of their way to harass him on more than one occasion and because they neglected to fix the lights after he raised the issue.

Harassment of a pretrial detainee could be a constitutional violation under the Fourteenth Amendment if the harassment rises to the level of "punishment." *See Mulvania v. Sheriff of Rock Island Cnty.*, 850 F.3d 849, 856 (7th Cir. 2017). An action can amount to punishment if it "is 'imposed for the purpose of punishment,'" or if it "'is not reasonably related to a legitimate goal—if it is arbitrary or purposeless.'" *Id.* (quoting *Bell v. Wolfish*, 441 U.S. 520, 538–39 (1979)). Additionally, a condition must, objectively,

2

rise to a certain level before the Fourteenth Amendment is implicated. *See Hardeman v. Curran*, 933 F.3d 816, 823-24 (7th Cir. 2019).

An objectively serious condition under the Fourteenth Amendment requires sufficient "severity and duration" to rise to the level of a constitutional concern. *Roundtree v. Dart*, No. 23-2576, 2025 WL 401207, at *3 (7th Cir. Feb. 5, 2025) (unpublished decision).[1] Further, as Herzog was told before, a "trivial" injury is insufficient to show cognizable harm for a claim under 42 U.S.C. § 1983. *Lord v. Beahm*, 952 F.3d 902, 905 (7th Cir. 2020). While sleep deprivation can be a form of punishment, a few days of poor sleep falls well short of being a cognizable injury. *See Antonelli v. Sheahan*, 81 F.3d 1422, 1433 (7th Cir. 1996) (contrasting cognizable claim of incessant noise affecting sleep that "occurred every night, often all night, interrupting or preventing his sleep" with noncognizable claim regarding only "a few hours of periodic loud noises").

The court previously concluded that flashing the lights and blaring music in Herzog's cell at night seemed arbitrary or purposeless, but Herzog did not plausibly allege that this obnoxious behavior over just a few days inflicted such harm on him as to implicate the Fourteenth Amendment. [ECF 13 at 2-3.] Nothing in the amended complaint changes that conclusion. I accept as true that the defendants targeted Herzog

---

[1] Herzog questions the applicability of *Roundtree*, which was cited in the prior order, because it is an unpublished order that was decided after the events in his complaint took place. Federal Rule of Appellate Procedure 32.1 allows such orders to be cited. The precedential value of unpublished opinions is limited, *see* 7th Cir. R. 32.1(b), but *Roundtree* does not state new law. It stands for the long-standing proposition that courts must consider "the amount and duration of the deprivation" when analyzing a conditions of confinement case, *Reed v. McBride*, 178 F.3d 849, 853 (7th Cir. 1999), and confirms that this proposition still applies to Fourteenth Amendment claims under the framework announced in *Hardeman v. Curran*, 933 F.3d 816, 820 (7th Cir. 2019).

for harassment. And I do not condone that behavior. But federal courts are not in the business of policing the sophomoric behavior of correctional officers when there is no significant harm that results. Federal courts do not micromanage county jails and dole out employee discipline. *See Bell v. Wolfish*, 441 U.S. 520, 548 (1979) ("[J]udicial deference [to prison administrators] is accorded not merely because the administrator ordinarily will, as a matter of fact in a particular case, have a better grasp of his domain than the reviewing judge, but also because the operation of our correctional facilities is peculiarly the province of the Legislative and Executive Branches of our Government, not the Judicial."). Instead, federal courts protect the constitutional rights of inmates. This harassment simply did not inflict enough harm or last long enough to become a constitutional violation.

      Finally, Herzog's new allegations concerning Zach Shifflett and Joshua Carpenter's role in not fixing the flickering lights is even less troublesome and does not state a claim. Let's suppose for the moment that flickering lights can rise to the level of a constitutional violation, which strikes me as a dubious proposition. But even it did, a defendant can avoid liability by responding reasonably, even if the harm is not averted. *See Farmer v. Brennan*, 511 U.S. 825, 844 (1994). Here, the complaint states that maintenance was called to fix the lights, and it is not clear what more these officers would constitutionally be expected to do.

      The complaint does not state a claim for which relief can be granted even after Herzog was given the opportunity to amend. "The usual standard in civil cases is to allow defective pleadings to be corrected, especially in early stages, at least where

4

amendment would not be futile." *Abu-Shawish v. United States*, 898 F.3d 726, 738 (7th Cir. 2018). "District courts, however, have broad discretion to deny leave to amend a complaint where the amendment would be futile." *Russell v. Zimmer, Inc.*, 82 F.4th 564, 572 (7th Cir. 2023). Here, it would be futile to allow another amendment.

There are two other pending motions that must be addressed. First, the defendants have filed a motion to reconsider the Court's in forma pauperis order, which allowed Herzog to proceed in this case without prepaying the filing fee. [ECF 16.] They argue that because Herzog incurred more than three strikes as defined by 28 U.S.C. § 1915(g) after he filed this case, he is now ineligible to proceed in forma pauperis unless he is in imminent danger of serious physical injury.

A prisoner incurs a "strike" for filing a lawsuit that was dismissed as frivolous, malicious, or for failure to state a claim. *See* 28 U.S.C. § 1915(g). Defendants are correct that Herzog has incurred four strikes:

> (1) *Herzog v. Ulrick*, No. 1:24-cv-428-DRL-SJF (N.D. Ind. decided Feb. 3, 2025), dismissed under 28 U.S.C. § 1915A for failure to state a claim [ECF 23, 24];
>
> (2) *Herzog v. Shifflett*, No. 1:25-cv-32-JD-AZ (N.D. Ind. decided Feb. 13, 2025), dismissed under 28 U.S.C. § 1915A for failure to state a claim [ECF 4, 5];
>
> (3) *Herzog v. Carpenter*, No. 1:24-cv-563-HAB-SLC (N.D. Ind. decided Mar. 25, 2025), dismissed under 28 U.S.C. § 1915A for failure to state a claim [ECF 11, 12];
>
> (4) *Herzog v. Miller*, No. 1:25-cv-82-TLS-AZ (N.D. Ind. decided Mar. 26, 2025), dismissed under 28 U.S.C. § 1915A for failure to state a claim [ECF 4, 5].

This means that Herzog cannot proceed in forma pauperis unless he is in imminent danger of serious physical injury. *See* 28 U.S.C. § 1915(g). However, under the plain language of the statute, this prohibition is prospective, not retrospective:

> In no event shall a prisoner *bring a civil action* . . . under this section [governing proceedings in forma pauperis] if the prisoner has, on 3 or more prior occasions,

5

> while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on [one of three enumerated grounds], unless the prisoner is under imminent danger of serious physical injury.

*Id.* (emphasis added). The language "bring a civil action" demonstrates that the relevant time to determine when a prisoner may proceed in forma pauperis is at the time he or she files the complaint. "Section 1915(g) governs bringing new actions or filing new appeals—the events that trigger an obligation to pay a docket fee—rather than the disposition of existing cases." *Abdul-Wadood v. Nathan*, 91 F.3d 1023, 1025 (7th Cir. 1996). Here, the third strike was incurred on March 25, 2025, after this complaint was filed in December 2024. Defendants cite no law that a strike applies retroactively to earlier-filed complaints.

Finally, defendants filed a motion for the Court to impose a filing ban on Herzog based on the number of meritless cases he has filed in this court. [ECF 17.] Specifically, they note that since October 15, 2024, Herzog has filed 16 cases against officials at the DeKalb County Jail. Four of those have already been dismissed for failure to state a claim (this one makes five), in two other cases, Herzog has filed amended complaints (currently pending screening) because the original complaints did not state a claim for relief, and two of them were voluntarily dismissed. They argue that a filing ban is warranted because Herzog "has already consumed far more than his share of the valuable and scarce resources of this Court," and this Court has the ability to impose a sanction for abusive behavior. [ECF 17 at 2.] Herzog's meritless filings have already resulted in a sanction under 28 U.S.C. § 1915(g), preventing him from proceeding in

6

forma pauperis going forward unless he is in imminent danger of serious physical injury. An additional sanction is unwarranted at this point.

For these reasons, the court DENIES the defendants' motions [ECF 16, ECF 17] and DISMISSES this case under 28 U.S.C. § 1915A for failure to state a claim.

SO ORDERED on April 9, 2025.

/s/ Philip P. Simon
JUDGE
UNITED STATES DISTRICT COURT